IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |  | |
|---|---|---|---|
| PABLO CABRERA, | ) | | |
| | ) | | |
| Petitioner, | ) | 4:05cv3261 | |
| | ) | | |
| vs. | ) | MEMORANDUM AND ORDER | |
| | ) | and | |
| ROBERT HOUSTON, | ) | PROGRESSION ORDER | |
| | ) | | |
| Respondent. | ) | | |

This matter is before the court on filing no. 8, the respondent's Motion for Summary Judgment; and filing no. 10, the petitioner's response to the motion. The petitioner, Pablo Cabrera, alleges violations of his constitutional rights in connection with his conviction in the District Court of Madison County, Nebraska, after a plea of no contest on or about November 7, 2002, to charges of manslaughter and tampering with evidence. The petitioner was sentenced on January 9, 2003.

The respondent moves for summary judgment on the theory that the petitioner has failed to demonstrate that the state appellate courts unreasonably applied federal law. The respondent also alleges, without analysis, that the petitioner procedurally defaulted his claims regarding sentencing and any other claims not addressed by the Nebraska Court of Appeals. I find the first of the respondent's arguments premature and the second erroneous.

The petitioner alleges three claims of ineffective assistance of trial counsel. The Nebraska Court of Appeals discussed one of those claims on appeal from the denial of postconviction relief (see filing no. 9-4 at 42-44), but the Court of Appeals ignored the petitioner's other two claims (which relate to ineffective assistance of counsel at the petitioner's sentencing hearing). The petitioner pointed out the Court of Appeals' omission of the sentencing claims in his Brief in Support of Petition for Further Review to the Nebraska Supreme Court on postconviction appeal (see filing no. 9-5 at 3-12). Because the petitioner raised the issues, but the appellate courts did not discuss them, the two claims of ineffective assistance of counsel at sentencing were summarily disposed of

without opinion, but not procedurally defaulted.

Filing no. 8, the respondent's Motion for Summary Judgment, is denied. Both parties shall now file briefs on the merits of the petitioner's three habeas corpus claims, applying federal standards governing ineffective assistance of counsel and prejudice, and citing to the record as appropriate. The respondent shall answer the petition and deliver the state-court records to the court. A schedule for the submission of briefs is set forth below.

THEREFORE, IT IS ORDERED:

1. That filing no. 8, the respondent's Motion for Summary Judgment, is denied;

2. That by June 28, 2006, the respondent shall deliver the state-court records to the court and shall file an Answer to the § 2254 petition on the merits of the petitioner's three claims and any affirmative defenses (except procedural default, which has been disposed of in this Order), pursuant to Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*; a motion or limited response of any kind will not be acceptable in lieu of a comprehensive Answer to the § 2254 petition;

3. That by July 28, 2006, the petitioner shall file his initial brief on the merits of his claims and in reply to the respondent's Answer; the petitioner may incorporate by reference any previously filed materials if he wishes to do so;

4. That by August 28, 2006, the respondent shall file his brief in response to the petitioner's brief;

5. That by September 28, 2006, the petitioner may, but is not required to, file a reply brief; and

6. That this matter will be considered submitted for decision thereafter.

DATED this 6th day of June, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge