IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PABLO CABRERA, | ) | 4:05CV3261 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner Pablo Cabrera's ("Cabrera") petition for writ of habeas corpus. (Filing No. 1.) After the denial of Respondent's motion for summary judgment (filing no. 8), the parties were ordered to submit briefs on the merits of Cabrera's three claims. (Filing No. 12.) The parties have submitted briefs as ordered (filing nos. 15, 18 and 19) and Respondent has also submitted state court records. (Filing Nos. 9 and 14.)

    Liberally construing the allegations of Cabrera's petition and his brief on the merits (filing no. 18), Cabrera argues that his petition should be granted because:

1.    Cabrera's trial counsel was ineffective because she failed to schedule or otherwise demand a mental evaluation of Cabrera ("Claim One").

2.    Cabrera's trial counsel was ineffective at sentencing because she did not object or advise him regarding statements he gave at sentencing and did not object to the trial judge's advice that by pleading guilty, Cabrera was waiving his right to remain silent ("Claim Two").

3. Cabrera's trial counsel was ineffective at sentencing because she submitted false witness statements into the record at sentencing and did not object to the consideration of inadmissible polygraph evidence at sentencing ("Claim Three").

(Filing No. 1 at CM/ECF pp. 5-6; Filing No. 18 at CM/ECF pp. 1-2.)

## I. BACKGROUND

On November 7, 2002, Petitioner pled no contest to Manslaughter, a class III felony, and Tampering with Evidence, a class IV felony, pursuant to a plea agreement. (Filing No. 9, Attach. 1, at CM/ECF pp. 18-19.) Petitioner was thereafter sentenced to serve 18 to 20 years for Manslaughter and a consecutive 20 months to 60 months for Tampering with Evidence. (Filing No. 9, Attach. 1, at CM/ECF pp. 20-21.) On direct appeal, the only issue raised by Petitioner was that his sentence was excessive. (Filing No. 9, Attach. 2, at CM/ECF pp. 1-2.) Petitioner's sentence was summarily affirmed by the Nebraska Court of Appeals without opinion. (*Id.*; *see also* Filing No. 9, Attach. 1, at CM/ECF p. 25.) No petition for further review was submitted to the Nebraska Supreme Court. (Filing No. 9, Attach. 2, at CM/ECF pp. 1-2.)

On December 29, 2003, Petitioner filed a pro se Verified Motion to Vacate and Set Aside Conviction ("Post-Conviction Motion") in the District Court of Madison County, Nebraska. (Filing No. 9, Attach. 3a, at CM/ECF pp. 14-24.) In his Post-Conviction Motion, Petitioner asserted a three-part ineffective assistance of counsel claim. (*Id.*) Summarized, Petitioner argued in his Post-Conviction Motion that:

1. Petitioner's trial and sentencing attorney was ineffective because she failed to "investigate and discover mitigating mental circumstances," which may have led to a defense or to a more lenient sentence. (*Id.* at CM/ECF p. 21.)

    2.    Petitioner's trial and sentencing attorney was ineffective for failing to object to the trial judge's instruction regarding Petitioner's right to remain silent during his guilty plea. (*Id.* at CM/ECF p. 22.)

    3.    Petitioner's trial and sentencing attorney was ineffective because she failed to object to the trial judge's reliance on evidence from a polygraph test and because she introduced "false, adversary deposition testimony" at sentencing. (*Id.*)

On February 25, 2004, the District Court of Madison County, Nebraska denied Petitioner's Post-Conviction Motion without an evidentiary hearing and also denied the appointment of counsel. (Filing No. 9, Attach. 3a, at CM/ECF pp. 12-13.) In its order, the Madison County, Nebraska District Judge stated that Petitioner was not entitled to post-conviction relief because Petitioner was competent and therefore no evidence of "mitigating mental circumstances" was necessary, because the trial court's instruction regarding Petitioner's right to remain silent was proper, and because polygraph results may be used during sentencing due to the "broad discretion" of the trial court at sentencing. (*Id.*) Petitioner appealed the post-conviction ruling and the Madison County District Judge appointed counsel for the appeal. (*Id.* at CM/ECF pp. 1, 9.)

On appeal, Petitioner (now represented by counsel)[1], assigned two errors: that the Madison County District Court erred by failing to conduct an evidentiary hearing prior to denying post-conviction relief and that the Madison County District Court erred by failing to appoint counsel in the district court post-conviction proceedings. (Filing No. 9, Attach. 3b, at CM/ECF pp. 18-29.) Although Petitioner assigned these two errors generally, in his brief, Petitioner argued three issues relating to the

---

[1] None of Petitioner's claims in this habeas corpus action relate to his appointed post-conviction appellate counsel.

ineffective assistance of his trial and sentencing counsel. (*Id.*) Petitioner argued that an evidentiary hearing should have occurred, and that counsel should have been appointed, because:

1. Petitioner's trial and sentencing attorney was ineffective for failing to investigate and require a mental health examination despite signs of post-traumatic stress disorder. (*Id.* at CM/ECF p. 25.)

2. Petitioner's trial and sentencing attorney was ineffective for failing to raise an intoxication defense. (*Id.* at CM/ECF pp. 25-26.)

3. Petitioner's trial and sentencing attorney was ineffective for failing to raise self defense or defense of others. (*Id.* at CM/ECF p. 26.) (Together, these three arguments are referred to herein as the "Appellate Arguments.")

The Nebraska Court of Appeals issued a detailed Memorandum Opinion affirming the Madison County District Court's denial of post-conviction relief. (Filing No. 9, Attach. 3a, at CM/ECF pp. 33-49.) The Memorandum Opinion stated specific fact findings and addressed the question of whether an evidentiary hearing was required in light of Petitioner's Appellate Arguments. (*Id.*) The Nebraska Court of Appeals addressed each of the Appellate Arguments, and ultimately concluded (among other things) that Petitioner could not have been prejudiced by any such errors because he got the benefit of a negotiated plea to a "no-intent" crime. As such, Petitioner's trial and sentencing attorney was not ineffective and the Madison County, Nebraska District Court's ruling was not clearly erroneous. (*Id.* at CM/ECF pp. 44-49.)

What happened next procedurally is unclear. Petitioner states that he filed a "motion for rehearing" in the Nebraska Court of Appeals (filing no. 11), however, the

Nebraska Court of Appeals does not have any record of that filing on its docket sheet. (Filing No. 9, Attach. 4, at CM/ECF pp. 1-3.)[2] Instead, the Petitioner filed a pro se "Petition for Further Review" with the Nebraska Supreme Court on August 8, 2005. (Filing No. 9, Attach. 3b, at CM/ECF pp. 1-2.) In his brief in support of petition for further review, Petitioner raised the same three issues which are before this court in Petitioner's petition for a writ of habeas corpus. (*Id.* at CM/ECF pp. 3-12.) Petitioner argued that he "factually alleged and argued the merits" of these claims, but that the Nebraska Court of Appeals did not consider them in its opinion. (*Id.*) The Nebraska Supreme Court overruled the petition for further review on August 31, 2005. (Filing No. 9, Attach. 4, at CM/ECF p. 2.) Petitioner filed this action on October 11, 2005. (Filing No. 1.)

## II. STANDARD OF REVIEW

Under the provisions of the AEDPA, a federal court is bound by the state court's findings on questions of fact unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[2]Petitioner has not submitted a file-stamped copy of his "Motion for Rehearing and Memorandum Brief" but instead has submitted an unsigned copy without a Nebraska Court of Appeals file stamp. There is no indication in the record that this document was ever filed in, let alone considered by, the Nebraska Court of Appeals.

Supreme Court of the United States." 28 U.S.C.A. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399.

### *III. ANALYSIS*

**A. Petitioner's Claim One.**

Cabrera claims that his petition should be granted because his trial counsel was ineffective because she failed to schedule or otherwise demand a mental evaluation of Cabrera. (Filing No. 1 at CM/ECF pp. 5-6.) A claim of ineffective assistance of counsel is reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In particular, *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced his defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)).

In his first claim, Cabrera argues that his attorney was ineffective because she failed to schedule or otherwise demand a mental evaluation of Cabrera. Although the precise iterations varied, there is no question that Petitioner raised this claim in the Madison County, Nebraska District Court (filing no. 9, attach. 3a, at CM/ECF pp. 14-19), in the Nebraska Court of Appeals (filing no. 9, attach. 3b, at CM/ECF pp. 18-27) and in the Nebraska Supreme Court. (*Id.* at CM/ECF pp. 3-7.)

Citing both *Strickland* and Nebraska state cases adopting *Strickland*, the Nebraska Court of Appeals applied the *Strickland* standard to Petitioner's first claim and noted that the two prongs of the *Strickland* analysis may be addressed in any order. (Filing No. 9, Attach. 3b, at CM/ECF pp. 41-43.) In its opinion, the Court of Appeals determined that Cabrera's trial and sentencing counsel was not ineffective for failing to demand a mental evaluation or otherwise present evidence of "mitigating mental circumstances." (*Id.* at CM/ECF pp. 39-44.) The Court of Appeals based its decision on the fact that Cabrera did not allege facts supporting the complete defense of insanity and the fact that Cabrera pled guilty to the "no-intent crime" of manslaughter. (*Id.*) Indeed, as the Court of Appeals held, regardless of his counsel's failure to demand an investigation of Cabrera's mental state which may have negated intent, Cabrera received the benefit of any such investigation in his plea bargain. As such, under *Strickland*, Cabrera's counsel was not ineffective.

The Nebraska Court of Appeals decision is not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner has not submitted any evidence, let alone clear and convincing evidence, that the Nebraska Court of Appeals was incorrect in its factual determinations. 28 U.S.C. § 2254(e)(1). The court finds that the grant of a writ of habeas corpus is not warranted here because the Nebraska Court of Appeals correctly applied *Strickland* and other Supreme Court holdings. In light of these findings, Petitioner's Claim One is dismissed.

**B.     Petitioner's Claims Two and Three.**

Cabrera also claims that his petition for a writ of habeas corpus should be granted because his trial and sentencing counsel provided ineffective assistance at sentencing by failing to object or advise Petitioner regarding statements he gave at sentencing, failing to object to the trial judge advising Cabrera that by pleading guilty, he was waiving his right to remain silent, submitting false witness statements into the record at sentencing, and failing to object to the consideration of inadmissible polygraph evidence at sentencing. (Filing No. 1 at CM/ECF pp. 5-6.)

Claims Two and Three were the subject of a motion for summary judgment by Respondent who argued primarily that these claims were procedurally defaulted. (Filing No. 8.) On June 7, 2006, this court denied the motion for summary judgment. (Filing No. 12.) However, upon reconsideration, the court finds that these two claims were not exhausted in the Nebraska Court of Appeals and are therefore procedurally defaulted. Regardless of the question of procedural default, Claims Two and Three fail on the merits.

### 1.     Procedural Default.

As set forth in 28 U.S.C. § 2254(b)(1),

(1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or
        (B)(i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Additionally, 28 U.S.C. § 2254(c) states that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." Where a state's highest court refuses to consider a federal claim on the merits because the petitioner failed to comply with a state procedural rule, the petitioner's procedural default bars federal habeas review if, as in this case, the state court's procedural ruling is independent of the federal question and adequate to support the judgment. *Lee v. Kemna*, 534 U.S. 362, 375 (2002). *Accord Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) ("We have applied the independent and adequate state ground doctrine not only in our own review of state court judgments, but in deciding whether federal district courts should address the claims of state prisoners in habeas corpus actions. The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds.")

Cabrera raised Claims Two and Three in his Post-Conviction Motion filed in the Madison County, Nebraska District Court. (Filing No. 9, Attach. 3a, at CM/ECF pp. 14-24.) However, in his filings in the Nebraska Court of Appeals, Petitioner did not assign the decision by the Madison County, Nebraska District Court regarding Claims Two and Three as error and did not argue these claims in his brief. (Filing No. 9, Attach. 3b, at CM/ECF pp. 18-28.) In spite of this failure to assign and argue these two claims, the State of Nebraska discussed Claims Two and Three in its brief to the Nebraska Court of Appeals. (Filing No. 9, Attach. 3b, at CM/ECF pp. 30-40.) The Nebraska Court of Appeals did not address Claims Two and Three, and instead only addressed the issues raised and argued by Petitioner in his brief. (Filing No. 9, Attach. 3a, at CM/ECF pp. 33-49.) Cabrera thereafter argued Claims Two and Three in his Petition for Further Review in the Nebraska Supreme Court, but the Nebraska Supreme Court overruled the Petition for Further Review without opinion or comment. (Filing No. 9, Attach. 4, at CM/ECF p. 2.)

The Nebraska appellate courts have long operated under the rule that "[a]ny party who fails to properly identify and present its claim in the accordance with the Supreme Court rules does so at its peril." *In re Guardianship & Conservatorship of Larson*, 708 N.W.2d 262, 275 (Neb. 2006). Further, "an alleged error must be both specifically **assigned** and specifically **argued** in the brief of the party asserting the error." *Cole v. Isherwood*, 716 N.W.2d 36, 42 (Neb. 2006) (emphasis added). Here, in the proceedings before the Nebraska Court of Appeals, Petitioner failed to assign as error, or even argue in his brief, the Madison County, Nebraska District Court's decision regarding Claims Two and Three. The court infers from the Nebraska Court of Appeals' failure to address Claims Two and Three that it was simply following its precedent.

Because Petitioner did not raise Claims Two and Three to the Nebraska Court of Appeals, he did not exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1). Further, Petitioner has not set forth allegations or facts supporting an argument that there is an absence of available State corrective process or that circumstances exist that render such process ineffective to protect the rights of Petitioner. 28 U.S.C. § 2254(b)(1). In light of the procedural default of Claims Two and Three, those claims are dismissed.

### 2. The Merits of Claims Two and Three.

Regardless of the issue of procedural default, the court also finds that Petitioner's Claims Two and Three fail on the merits. *See, e.g., Winfield v. Roper*, 460 F.3d 1026, 1038 (8th Cir. 2006) (addressing the claims on the merits and reviewing "adequate information upon which to base a decision on the merits" regardless of procedural default question). Indeed, as set forth by the Madison County, Nebraska District Court, which is the "last reasoned opinion" regarding Claims Two and Three, these arguments do not meet the *Strickland* test.

Cabrera argues with respect to Claim Two that his trial and sentencing counsel was ineffective because she failed to object or advise him regarding statements he gave at sentencing and did not object to the trial judge's advice that by pleading guilty, Cabrera was waiving his right to remain silent. In support of this claim, Cabrera argues that the trial court was incorrect in giving this instruction and that he is now prejudiced because he made numerous statements on the record which "prejudice his efforts to receive a fair trial or a lesser sentence when his current unconstitutional conviction is reversed and vacated. (Filing No. 18 at CM/ECF pp. 8-9.)

As set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. 668, 689 (1984). In addition, "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. The court makes no finding regarding whether his counsel's actions were reasonable. Such a finding is unnecessary because Cabrera does not argue that his statements at sentencing had any effect on the judgment against him. Rather, he argues that those statements may have some effect in a later proceeding. Indeed, there is no evidence that the Madison County, Nebraska District Judge relied on the statements Cabrera made at sentencing. (Filing No. 14, Attach. 6, at CM/ECF pp. 20-39.) Therefore, even if Cabrera's counsel should have objected to this instruction, Cabrera has not met his burden to show that this decision by his counsel had an effect on the judgment against him. Claim Two is therefore dismissed.

Claim Three suffers from the same defect. In his Claim Three, Cabrera argues that his trial and sentencing counsel was ineffective because she submitted false witness statements into the record at sentencing and did not object to the consideration of inadmissible polygraph evidence at sentencing. Again, Cabrera does not allege or prove that these strategic decisions had any effect on the judgment against him.

Although Cabrera argues that the "judge relied in part upon" the evidence to "justify the maximum sentence" against Cabrera, the court finds no support in the record for this argument. (Filing No. 18 at CM/ECF p. 10.) To the contrary, the court notes that Cabrera did not receive the maximum sentence but received a sentence within the statutory range. (*See* Filing No. 9, Attach. 1, at CM/ECF p. 29; Filing No. 14, Attach. 6, at CM/ECF pp. 1-7, 20-23.) Because Cabrera has not demonstrated that his trial and sentencing counsel acted unreasonably or that he was prejudiced by his counsel's tactical decisions, Cabrera's Claims Two and Three fail on the merits and are dismissed.

       IT IS THEREFORE ORDERED that:

       1.    Petitioner Pablo Cabrera's petition for writ of habeas corpus is denied in all respects and this action is dismissed with prejudice.

       2.    A separate judgment will be entered in accordance with this memorandum and order.

October 25, 2007.                BY THE COURT:

                                       s/ Joseph F. Bataillon
                                       Chief United States District Judge